### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARTHA ADINOLFI, | : | CIVIL ACTION |
| | : | NO. |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NEW PRIME, INC. and GLENN DANIELS, | : | DATE OF FILING: 8/31/05 |
| | : | |
| | : | |
| Defendants. | : | |

## NOTICE OF REMOVAL

To the Honorable Judges in the United States District Court for the District of Connecticut; Defendant New Prime, Inc. by and through its attorneys Rawle & Henderson LLP, respectfully avers as follows:

1. Plaintiff Martha Adinolfi commenced a civil action against defendants in the Superior Court of the Judicial District of New Haven (at New Haven) on or about August 10, 2005. A true and correct copy of the complaint is attached hereto as Exhibit "A".

2. Service of the complaint was made upon defendant New Prime, Inc. on or about August 17, 2005.

Upon information and belief, service of the complaint has not yet been made on defendant Glenn Daniels.

1194930 v.1

3. In the complaint, plaintiff demands damages in an amount in excess of $15,000. Specifically, plaintiff alleges, *inter alia*, that she sustained the following injuries as a result of the motor vehicle accident at issue herein:

> 13. As a result of the aforesaid collision, the plaintiff, MARTHA ADINOLFI, sustained the following injuries, some or all of which are or may be permanent in nature:
> a. injury to the low back, consisting of lumbar strain/sprain with bulging discs at L2-L3 and L3-L4, a central disc protrusion at L4-L5 and a central disc protrusion at L5-S1;
> b. injury to the neck, consisting of a cervical sprain/strain;
> c. injury to the left shoulder, consisting of a strain;
> d. injury to the left knee, consisting of a strain;
> e. injury to the head, consisting [of] post-traumatic headaches; and
> f. anxiety, mental anguish and nightmares.
>
> 14. As a result of the injuries sustained by the plaintiff, in the aforesaid collision, said plaintiff has incurred expenses for prescriptions, physicians' services, medical supplies, physiotherapy, and hospitalization.
>
> 15. As a result of the negligence of the defendant, the plaintiff was unable and remains unable to participate in and enjoy her usual activities.
>
> 16. As a further result of the injuries sustained by the plaintiff in the aforesaid collision, the plaintiff has lost earnings from her employment, her earning capacity has been impaired and will continue to be impaired in the future.

See Exhibit "A" – plaintiff's complaint ¶¶ 13-16.

4. In addition, the plaintiff claims compensatory money damages in her wherefore clause.

1194930 v.1

5. Based upon a fair reading of the complaint, plaintiff has set forth a claim in which an amount in excess of the jurisdictional limit of $75,000, exclusive of interests and costs, may be at stake.

6. At all times material hereto, defendant New Prime, Inc. is a Nebraska corporation with its principal place of business in Springfield, Missouri.

7. At all times material hereto, and upon information and belief, defendant Glenn Daniels is a citizen, resident and domiciliary of the State of Mississippi and resides in Steens, Mississippi.  Upon proper service, he will be represented by Rawle & Henderson LLP.

8. Plaintiff, Martha Adinolfi is and was a citizen, resident and domiciliary of the State of Connecticut, and resides in New Haven, Connecticut.  See Exhibit "A" – plaintiff's complaint.

9. Diversity of citizenship within the meaning of 28 U.S.C. §1332, exists between plaintiff and defendants since:

   a. Plaintiff is a citizen, resident and domiciliary of the State of Connecticut and

   b. Defendants are not citizens of the State of Connecticut.

10. Furthermore, since diversity of citizenship existed at the time the action sought to be removed was commenced and continues through the

time of filing of this notice, defendant is entitled to removal pursuant to 28 U.S.C. §1441, as amended, and 28 U.S.C. §1446.

11. This notice of removal is being filed within 30 days of the date the plaintiff's complaint was filed and within 30 days of the date the plaintiff's complaint was served.

12. Venue is properly laid in this district because the action sought to be removed is proper under 28 U.S.C. §1446 (a).

WHEREFORE, defendant New Prime, Inc. prays that the above captioned action now pending in the Superior Court for the Judicial District of New Haven at New Haven be removed therefrom to this Honorable Court.

RAWLE & HENDERSON LLP

By:  \_\_\_\_\_s/_____
Gary N. Stewart, Esquire
Identification No.: 15177
Attorney for Defendant,
New Prime, Inc.

25 North Front Street, First Floor
Harrisburg, Pennsylvania 17101
gstewart@rawle.com
(717) 234-7700
(717) 234-7710
Our File No.: 250112

Dated: August 30, 2005

1194930 v.1

## CERTIFICATE OF SERVICE

I hereby certify that on today's date, a true and correct copy of the pleading was served by first-class mail, postage prepaid, upon all attorneys of record, addressed as follows:

Joseph L. Gillis, Esquire
Gillis & Gillis, P.C.
Two Whitney Avenue, Suite 502
New Haven, Connecticut  06510-1269

Karen J. S. Gallagher
Ouellette, Deganis, Gallagher & Ward
143 Main Street, Cheshire
Cheshire, CT   06410

RAWLE & HENDERSON LLP

By:  s/
     Gary N. Stewart

Dated:  August 30, 2005

1194930 v.1